Michael S. Kun (SBN 208684)
Kevin D. Sullivan (SBN 270343)
EPSTEIN BECKER & GREEN, P.C.
1925 Century Park East, Suite 500
Los Angeles, CA 90067
Telephone: (310) 556-8861
Facsimile: (310) 553-2165
mkun@ebglaw.com
ksullivan@ebglaw.com

Attorneys for Defendants
LASERAWAY HOLDINGS LLC and
LASERAWAY MEDICAL GROUP, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

ANGELICA KEITH, an individual,

Plaintiff,

v.

LASERAWAY HOLDINGS LLC, a California limited liability company; LASERAWAY MEDICAL GROUP, INC., a California corporation; and DOES 1 to 50,

Defendants.

Case No.: 3:24-cv-02380

**NOTICE OF REMOVAL BY DEFENDANTS LASERAWAY HOLDINGS LLC AND LASERAWAY MEDICAL GROUP, INC.**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** Defendants LaserAway Holdings LLC ("LaserAway Holdings") and LaserAway Medical Group, Inc. ("LaserAway Medical") (collectively, "Defendants"), contemporaneously with the filing of this notice, is effecting the removal of the above-captioned action, *Angelica Keith v. Laseraway Holdings LLC, Laseraway Medical Group, Inc. and DOES 1 to 50*, case no. CGC-24-612912, from the Superior Court of the State of California for the County of San Francisco ("State Court Action") to the United States District Court for the Northern District of California. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. In support of their notice of removal, Defendants state as follows:

**THE STATE COURT ACTION**

1. On March 7, 2024, Plaintiff Angelica Keith ("Plaintiff") filed a complaint against Defendants in the Superior Court of the State of California for the County of San Francisco in the matter entitled *Angelica Keith v. Laseraway Holdings LLC, Laseraway Medical Group, Inc. and DOES 1 to 50,* case no. CGC-24-612912.

2. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the complaint,[1] summons, and all process and pleadings, which were deemed served upon Defendants in the State Court Action on March 22, 2024, are attached hereto as Exhibit A.

3. While Defendants contend that the allegations in Plaintiff's complaint lack merit, Plaintiff alleges the following causes of action against Defendants: (1) unpaid wages and overtime (for which Plaintiff seeks liquidated damages under federal law); (2) failure to provide meal periods; (3) failure to provide rest periods; (4) failure to provide accurate wage statements; (5) waiting time penalty for nonpayment of wages; (6) wrongful discharge in violation of public policy; (7) discrimination and harassment under the Fair Employment and Housing Act ("FEHA"); (8) disability discrimination under FEHA; (9) failure to provide a reasonable

[1] Although the document is titled "First Amended Complaint," it is the only pleading filed by Plaintiff – according to the docket – and thus the first amended complaint is more accurately the original (and only) complaint.

accommodation under FEHA; (10) failure to engage in an interactive process under FEHA; (11) retaliation under FEHA; and (12) violation of Business and Professions Code section 17200. Ex. A (Compl., ¶¶ 18–64).

4. On April 18, 2024, Defendants filed an answer in the State Court Action. A copy of the answer is attached as Exhibit B.

5. No further proceedings have occurred in the State Court Action.

6. Defendants were served with copies of the summons and complaint in the State Court Action on March 22, 2024, which is within thirty (30) days of this notice of removal.[2]

**REMOVAL PROCEDURES AND VENUE**

7. This notice of removal is filed within thirty (30) days of Defendants' notice of the lawsuit and is timely filed in accordance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C). Furthermore, this notice of removal is filed less than one (1) year from the commencement of this action pursuant to 28 U.S.C. § 1446(c)(1).

8. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of the filing of this notice of removal to Plaintiff.

9. Pursuant to 28 U.S.C § 1446(d), Defendants will also file a duplicate copy of this notice of removal with the Clerk of the Superior Court for San Francisco, California.

10. In accordance with 28 U.S.C. § 1446(b), venue is properly placed in the United States District Court for the Northern District of California because it is the district court for the district and division where the State Court Action is pending (Superior Court for the State of California, County of San Francisco).

11. Further, this action is not an action made non-removable by 28 U.S.C. § 1445(c).

**FEDERAL QUESTION JURISDICTION**

12. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a), as this is a civil action arising under the laws of the United States.

[2] Because the 30th day after March 22, 2024 is Sunday, April 21, 2024, the time for filing this notice of removal continues to Monday, April 22, 2024. Fed. R. Civ. P. 6(a)(1)(C).

13. Specifically, Plaintiff alleges that Defendants owe her liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Ex. A (Compl., ¶ 22; *id.*, Prayer for Relief, ¶ 7). Although Plaintiff also seeks liquidated damages under the California Labor Code (*id.*, ¶ 22), there can be no question that she seeks liquidated damages under the FLSA because she seeks the greater amount of liquidated damages that may be recovered under either statute:

> Plaintiff is entitled to liquidated damages under Labor Code section 1194.2(a) and, separately, liquidated damages under The Fair Labor Standards Act ("FLSA"), See 29 U.S.C. 216(b). To the extent Plaintiff does not recover liquidated damages under both provisions, or is not entitled to recover liquidated damages under both provisions, Plaintiff seeks the greater award of liquidated damages.

*Id.* Section 216(b) authorizes recovery of, *inter alia*, liquidated or double damages for failing to pay either minimum or overtime wages – or both. The FLSA is more favorable than the California Labor Code in terms of potential recovery – i.e., the "greater award" that Plaintiff seeks – because the California Labor Code permits double liquidated damages for a minimum wage violation only. Cal. Lab. Code § 1194.2(a). Moreover, Plaintiff has not alleged any minimum wage violation; rather, she has alleged only regular and overtime violations, seeking the wages purportedly owed in addition to liquidated damages. Ex. A (Compl., ¶¶ 20–22). Because she has not alleged any minimum wage violation, liquidated damages cannot be recovered under the California Labor Code. Cal. Lab. Code § 1194.2(a). "When a plaintiff's complaint relies on federal law as the source of recovery, it is obvious that the case 'arises under' federal law and therefore may be removed to federal court." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1394 (9th Cir. 1988). Here, the FLSA is the only "source of recovery" for Plaintiff to recover liquidated damages on her claims for unpaid regular and overtime wages. And she expressly seeks such a remedy in her prayer for relief, asking "[f]or liquidated damages as provided by law, including but not limited to, under the Fair Labor Standards Act ('FLSA') . . . ." Ex. A (Compl., 11:27–28). By requesting liquidated damages under federal law, specifically the FLSA, Plaintiff's complaint asserts a federal question under 28 U.S.C. § 1331. *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 27-28 (1983) (holding that "Congress has given the lower federal courts jurisdiction to hear, originally or by removal

from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law"). It is well-established that actions brought under the FLSA are removable to federal court. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 695–697, 700 (2003) (claim for alleged violation of the FLSA provides basis for federal question removal); *Hernandez v. Martinez*, No. 12–CV–06133–LHK, 2014 WL 3962647, at *3 (N.D. Cal. Aug. 13, 2014) (holding that an "FLSA cause of action raises a federal question"). Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

**SUPPLEMENTAL JURISDICTION**

14. To the extent there are some claims alleged in the complaint that do not raise federal questions, such claims are removable under 28 U.S.C. § 1441(c) and, pursuant to this Court's supplemental jurisdiction, under 28 U.S.C. § 1367, because they relate to and emanate from the same employment relationship between Plaintiff and LaserAway Medical (and her alleged employment relationship with LaserAway Holdings) that is the subject of the request for liquidated damages under the FLSA. This Court has jurisdiction over such state law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. §1367(a) because they are so related to the federal claims as to form part of the same case or controversy under Article III of the U.S. Constitution, and they are substantially related to and rise out of the same nucleus of operative facts as Plaintiff's FLSA claims such that they should be tried in one action. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 714 (9th Cir. 1990). When a claim arising under federal law is joined with one or more non-removable claims "the entire case may be removed and the district court may determine all issues therein . . . ." 28 U.S.C. § 1441(c); *accord Langford v. Gates*, 610 F. Supp. 120, 122 (C.D. Cal. 1985) (exercising supplemental jurisdiction over state law claims was appropriate because the claims "derive from a common nucleus of operative fact" with the federal claims asserted). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor the Court exercising jurisdiction over all claims in the complaint as well. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26 (1966).

**JOINDER**

15. Defendants are not aware of any other defendant having been served with a copy of Plaintiff's complaint, and the requirements of 28 U.S.C. § 1446(b)(2)(A) are met.

**NOTICE TO PLAINTIFF**

16. This notice of removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of San Francisco.

**RESERVATION OF RIGHTS**

17. Defendants deny the allegations contained in Plaintiff's complaint. Defendants file this notice of removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

18. Further, in making the assertions in this notice of removal, Defendants do not concede in any way that Plaintiff has alleged causes of action upon which relief can be granted, that the allegations or inferences drawn therefrom are accurate, or that Plaintiff is entitled to recover any amounts sought. Specifically, Defendants do not concede that Plaintiff's claims should proceed in court because Plaintiff is bound by a valid and enforceable arbitration agreement that obligates her to arbitrate her claims against Defendants.

19. Defendants further reserve the right to amend or supplement this notice of removal as appropriate.

WHEREFORE, Defendants respectfully request that this action be removed to the United States District Court for the Northern District of California, and the Superior Court of San Francisco proceed no further with respect to this action.

DATED: April 22, 2024

EPSTEIN BECKER & GREEN, P.C.

By: */s/ Kevin D. Sullivan*

Michael S. Kun
Kevin D. Sullivan
Attorneys for Defendants
LASERAWAY HOLDINGS LLC and
LASERAWAY MEDICAL GROUP, INC.